UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| MARK DARNELL PORTER, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. CV614-079 |
| | ) | CR612-012 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Mark Darnell Porter moves for 28 U.S.C. § 2255 relief (doc. 103[1]) and this Court is preliminarily reviewing it under 28 U.S.C. § 2255 Rule 4(b). When Porter pled guilty to drug charges, he partially waived his direct and collateral appeal rights.[2] Doc. 77 at 1-2; doc. 79 at 8. He then

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] The agreement states that,

> "[t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, *including* a § 2255 proceeding, on *any* ground, except that: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but

appealed his 180-month sentence, contending that the government breached the plea bargain -- the government agreed to a 151-month cap. Docs. 85, 98 & 99. From the Eleventh Circuit opinion denying him relief:

> Porter argue[d] that the district court "violated the plea agreement" because it imposed a higher sentence than what he expected based on his plea negotiations with the government. Not so. The plea agreement specifically acknowledged two facts that made it legally impossible for the district court's upward variance to breach the plea agreement: (1) "the Court is not a party to this agreement," and (2) "the Court is free to impose any sentence authorized by law up to the statutory maximum sentence." It cannot be error -- let alone plain error -- for a district court to exercise its sentencing discretion if the defendant's plea agreement does not limit that discretion. *See United States v. Eldick*, 443 F.3d 783, 789 (11th Cir. 2006). Thus Porter's claim fails.

Doc. 98 at 6-7; *Porter*, 542 F. App'x 904 at 907.

Porter insists his attorney provided him with ineffective assistance of counsel[3] by failing to understand the nature of his plea agreement.

---

if the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 79 at 8 (emphasis added). Porter ignores this double-waiver and pleads none of the exceptions here. Still, his 180-month sentence *did* exceed the 121-151 month sentencing guidelines range, *United States v. Porter*, 542 F. App'x 904, 906 (11th Cir. 2013), so he was entitled to appeal, *see United States v. Holton*, 2014 WL 3035555 at * 2 (11th Cir. July 7, 2014), and did.

[3] For ineffective assistance of counsel to provide a basis for federal habeas relief, a movant must satisfy the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that his counsel's performance was deficient and that it prejudiced his defense. *Id*. To show prejudice, movant need only demonstrate a reasonable probability that the result of the proceeding would have been different

2

Doc. 104 at 4 (counsel told Porter "countless times that he would only receive '151 months.'"); *see also id.* at 5 ("The prejudice is that bad advice regarding the plea agreement caused [Porter] to receive 29 months more prison time."). Because of counsel's bad advice about the 151-month cap, Porter contends that his plea was not knowing and voluntary. *Id.* at 7-8. In his second claim he faults counsel for failing to object to what he claims to be erroneous and false Presentence Investigation Report (PSI) information. *Id.* at 5-6 (citing the same 29 months prejudice factor). Porter thus wants an evidentiary hearing and ultimately his plea vacated, then replaced with the 151-month sentence he was promised. *Id.* at 8-10.

Porter's involuntary-plea based claim fails. The district judge asked him if he understood the plea bargain's terms, and even pointed out -- in ensuring that Porter understood his double waiver -- that he could receive a sentence above the recommended U.S. Sentencing Guidelines. Doc. 90 at 51. Porter answered in the affirmative. *Id.* The

---

absent the error. *Id.* at 694. That is "a probability sufficient to undermine confidence in the outcome." *Id.* Porter therefore must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Id.* at 687. "Surmounting *Strickland* 's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

3

judge also asked him if anyone had promised him anything beyond what was in the very same plea agreement that the Eleventh Circuit would later illuminate to reject Porter's plea-breach claim on appeal (that is, that the judge retained the option of upwardly departing from the U.S. Sentencing Guidelines recommended limit). *Id.* at 50-51. Porter said no. *Id.* at 51.

In none of Porter's § 2255 filings does he claim that he lied to or otherwise misled the judge about his understanding of those facts. It follows that, even if his lawyer gave him deficient advice about the 151-month cap, he cannot meet the *Strickland* ineffective-counsel standard because the district judge set him straight about the risk of a higher sentence and Porter grasped that fact yet pressed forward with his plea. Hence, he can show no ineffective assistance on his plea-voluntariness claim; "buyer's remorse" just doesn't cut it here.

Porter's claim that counsel should have objected to the PSI also fails. The sentencing judge expressly asked Porter:

> THE COURT: Was there anything wrong or something you felt like should be changed in that report?
>
> THE DEFENDANT: No, sir.

4

Doc. 97 at 6. And, after the probation officer pointed out that Porter had sold marijuana over 100 times (again, Porter faults his lawyer for failing to object to that, doc. 104 at 5-6), doc. 97 at 12-13, the Court directly invited Porter to refute it:

> THE COURT: Well, Mr. Porter, this is your opportunity to speak to the Court, tell the Court what you wish the Court to understand. You may comment on all of this matter that we have been discussing, or you, of course, have the right to speak through Mr. Hamilton. But the law requires that I address you and allow you the opportunity to speak.

*Id.* at 14. Porter then said a lot of things, including this:

> Ever since I've been inside the county jail, I got baptized. I've been reading the Bible. I've totally been trying to change my life, and honestly, this is the honest-to-God truth, and you can ask anybody in the community, I'm not a career drug dealer. I just did that because I was behind on loans, and I was trying to build my credit up, and I owed a couple of banks; and I was just trying to take care of my family. If you'll look at it, you will see the same thing I'm telling you right now is the same thing I'm explaining to the Court. I'm not trying to sugarcoat nothing and trying to make it like I'm innocent here. I'm guilty of the charges.

*Id.* at 16.

Significantly, he *never* rebutted the probation officer's "100 transaction" assertion. The Court will not permit him to stand mute about an obvious PSI defect so he can sandbag his lawyer by faulting him for not objecting to what Porter was *expressly* invited to address. *Cf.*

5

*United States v. Peerani*, 2014 WL 3953414 at *1 (11th Cir. Aug. 14, 2014) (rejecting defendant's contention that his guilty plea was not knowing and voluntary because the plea colloquy failed to ensure that he understood the nature of the charge against him; "[d]uring his plea colloquy, Peerani agreed that the elements of the offense were correctly stated and that the three-page stipulated factual proffer accurately provided a sufficient factual basis for his plea. Peerani did not object during his change-of-plea hearing -- or later at sentencing -- that the basis for the conviction was incorrectly or insufficiently stated. Thus, Peerani invited any error that he alleges occurred with respect to the stated elements or the factual basis of the offense. . . . Accordingly, we are precluded from reviewing his claim.") (cites omitted). Porter therefore cannot show the *Strickland* prejudice needed to support his IAC claim against counsel.

Accordingly, Mark Darnell Porter's § 2255 motion must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there

are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 25th day of August, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA